IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLINT CARMICHAEL, | ) | CASE NO. 8:11CV164 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| REGIONS BANK and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's unopposed pro se Motion to Set Aside Judgment (Filing No. 17).

## FACTUAL BACKGROUND

On or about April 6, 2011, the Plaintiff, Clint Carmichael, filed an action against the Defendants, Regions Bank ("Bank") and Does 1-10,[1] in the District Court of Douglas County, Nebraska. Carmichael was represented by John M. Carter, of Council Bluffs, Iowa. Carmichael sought to set aside a foreclosure related to a mortgage loan in the amount of $245,742.00 as well as quiet title in the property in question against the Bank. By way of background, in 2010, Carmichael filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the District of Nebraska. Carmichael alleged that the procedures for the ensuing foreclosure process for the property in question were not properly followed and, therefore, the property was wrongfully sold, transferred, or assigned to the Bank.

---

[1]According to the Complaint, the "Does 1-10 represent "agents, employees, representatives, subsidiaries, and controlled entities" of the named Defendant, Regions Bank.

On May 12, 2011, the case was removed to this Court. An Answer was timely filed. On May 20, 2011, Magistrate Judge F.A. Gossett issued a scheduling letter requiring under Federal Rule of Civil Procedure 26(f) that the parties meet and confer and provide the Court a report of their conference on or before June 20, 2011. Carmichael's counsel was to initiate the parties' conference. The scheduling letter further stated that once the Rule 26(f) report was filed, an initial progression order would be entered. On July 18, 2011, Carmichael's counsel filed a "joint" motion to continue the Rule 26(f) report deadline, stating that the parties conferred and wished additional time to explore mediation and settlement. Judge Gossett granted the motion, allowing the parties until August 19, 2011, to file their report. On August 19, 2011, defense counsel filed a report stating that he unsuccessfully attempted to contact Plaintiff's counsel and, because he had not had a response, he filed a unilateral report on behalf of the Bank in an attempt to comply with Judge Gossett's order and Rule 26(f). Judge Gossett struck the unilateral report as incomplete, ordering the parties to file a joint report on or before October 21, 2011. Judge Gossett added that, absent compliance with his order, the action could be dismissed without further notice. A joint report was not filed, and on February 6, 2012, the Bank's counsel moved to dismiss the case. On February 9, 2012, the Court granted the motion and dismissed the case without prejudice.

On April 2, 2012, Carmichael filed a pro se Motion to Set Aside Judgment. Carmichael stated that on October 21, 2011, Carter was disbarred from the practice of law in Nebraska.[2]  Carmichael stated that on January 13, 2012, he sent the Clerk a pro se

---

[2]Carter was in fact disbarred on that date. *State of Nebraska v. Carter,* 808 N.W.2d 342, 352 (2011).

notice of appearance; however, court records do not reflect that a notice was received. Carmichael stated that on March 19, 2012, he was granted access to the court's PACER system and learned that his case had been dismissed.

## DISCUSSION

The Bank has not responded to the Motion.  The Court notes that a discrepancy exists between the zip codes reflected on the Court's ECF docket report and on the certificate of service attached to the Motion with respect to defense attorney Brian Doyle; however, the Court's ECF record shows that notice of the Motion was sent electronically to Mr. Doyle.

Carmichael requests relief under Federal Rule of Civil Procedure 60(b)(1), (b)(3), and (d)(1).  Specifically, he asks that the order granting the Bank's motion to dismiss and the Judgment be set aside, and that he be allowed 60 days to retain new counsel or, in the alternative, confer with the Bank's counsel and file a joint Rule 26(f) report.

Rule 60(b)(1) allows relief from a judgment entered due to a party's excusable neglect.  In determining whether a party's actions are excusable, the Court must consider the following factors: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.,* 496 F.3d 863, 866 (8th Cir. 2007) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).  The factors are not equally weighted, and "the reason for delay is a key factor in the analysis." *Id.*

No information is before the Court suggesting that the Bank would be unduly prejudiced if Carmichael were relieved from judgment. The delay since the initial deadline for the Rule 26(f) report has been approximately ten months. Although a long delay, it does not appear that the delay will have an adverse impact on the proceedings. From the allegations in the Motion, it appears that Carmichael has acted at all times in good faith. The delay occurred due to the disbarment of Carmichael's counsel. This was a circumstance beyond Carmichael's control. The additional delay caused by the unexplained nonappearance in court records of Carmichael's notice of pro se appearance does not appear to have unreasonably delayed the progress of the case, or prejudiced the Defendants.

**CONCLUSION**

The Court concludes that, under Rule 60(b)(1), the Court's previous order and Judgment should be set aside. The Court will allow the parties until July 2, 2012, to file a joint Rule 26(f) report, whether or not Carmichael is represented by counsel.

IT IS ORDERED:

1.      The Plaintiff's Motion to Set Aside Judgment (Filing No. 17) is granted;

2.      The previous order (Filing No. 16) is withdrawn and the Judgment (Filing No. 16) is set aside;

3.      The parties must file a joint report under Federal Rule of Civil Procedure 26(f) on or before July 2, 2012;

4.      The Clerk is directed to remove John M. Carter as the Plaintiff's attorney; and

4

5.      The Clerk is directed to mail a copy of this Memorandum and Order to the

Plaintiff.

DATED this 2nd day of May, 2012.

                                    BY THE COURT:


                                    s/Laurie Smith Camp
                                    Chief United States District Judge